BRADFORD, Judge,
dissenting.
[31] I must respectfully dissent from the majority’s opinion as I would affirm Blackmon’s conviction for intimidation.
[32] In its charging information, the State alleged that “Blackmon did communicate a threat to another person, with the intent that said other person be placed in fear of retaliation for a prior lawful act, to-wit; Leonard Blackmon threatened to cut Donald Courtway with a knife, after Donald Courtway caught Leonard Blackmon stealing water.” Appellant’s App. p. 31. The facts leading up to Blackmon’s threatening Courtway are as follows: (1) Court-way found that a spigot lock had been broken off the spigot on the outside of his daughter’s house and a bucket placed underneath; (2) Courtway knew that the neighbor, Hale, did not have running water and had been borrowing water from neighbors; (3) Courtway went to Hale’s house and confronted Hale and Blackmon about the stolen water; (4) Hale offered to pay for the water; and (5) Courtway declined and told the two he was going to call the police, at which point Blackmon brandished a knife.
[33] Courtway had ample reason to believe that Blackmon and/or Hale had stolen water and it was a lawful act to confront them and subsequently inform them that he was going to call the police. I cannot agree with the majority’s conclusion that there is a distinction between “catching” Blackmon stealing water and “confronting” Blackmon about the stolen *1187 water. For all intents and purposes, Courtway did catch Blackmon stealing water. Firstly, there was significant circumstantial evidence implicating Hale and Blackmon, including the broken spigot lock ■with Hale’s bucket underneath and the fact that Hale did not have running water and had been borrowing water from neighbors. Additionally, by offering to pay for the water, Hale tacitly admitted to at least some involvement in taking the water. Blackmon then drew a weapon, further indicating his guilt, and ultimately admitted to police that he did, in fact, steal the water. I find it inconsequential that Courtway did not know affirmatively that it was Blackmon, specifically, who had stolen the water considering the circumstantial evidence that indicated as much. In fact, the victim’s subjective knowledge is irrelevant under Indiana’s intimidation statute so long as the victim’s prior act was lawful. Regardless of Courtway’s knowledge, Blackmon seems to have been of the mind that he had been caught and reacted aggressively. As such, I think it was reasonable for the jury to find that Blackmon threatened Courtway in retaliation for the prior lawful act of catching Blackmon stealing water.
[34] Furthermore, I cannot agree with the narrow re-characterization of events to find that Blackmon only threatened Court-way in retaliation for his threatening to call the police, as opposed to his catching Blackmon stealing water. I see little logic in separating the act of catching someone performing illegal activity and subsequently calling the police regarding said activity; the two actions are part of the same series of events and, as such, the same prior lawful act.